# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**ANTHONY RICHARDSON**                                      **CIVIL ACTION**

**VERSUS**                                                          **NO. 17-10194**

**KEITH DEVILLE, WARDEN**                                   **SECTION "G"(4)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.    Factual Background

The petitioner, Anthony Richardson ("Richardson"), is a convicted inmate incarcerated in the Winn Correctional Center, in Winnfield, Louisiana.[2]  On November 4, 2011, Richardson was charged by a bill of information in Orleans Parish with one count of possession of heroin and one count of possession of cocaine.[3]  Richardson entered a plea of not guilty in the case.[4]

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. 1, p. 23.

[3]St. Rec. Vol. 1 of 7, Bill of Information, 11/4/09.

[4]St. Rec. Vol. 2 of 7, Minute Entry, 11/09/09.

The record reflects[5] that at some time after 9:00 p.m. on October 30, 2009, New Orleans Police Department Officers Sean Ogden and Christopher Carter were in an unmarked police vehicle patrolling the 1900 block of Marigny Street. They pulled up behind a truck that had impeded the flow of traffic and the officers elected to conduct a traffic stop and activated their vehicle's lights. The officers observed a male on a bicycle speaking to the driver of the truck, which was parked in the center of the street. The officers approached the truck on foot. When he observed the officers, the man on the bicycle left the scene and headed north towards Prieur Street. Richardson, who was driving the truck, pulled it to the side of the road.

Three passengers were in the vehicle. As Officer Ogden approached the driver's side of the truck, he observed Richardson lean forward and appear to grab something at the floorboard. Officer Carter approached the passenger side of the vehicle. Officer Ogden instructed Richardson to sit upright and show his hands. Richardson did not obey Officer Ogden's command until after he issued it for the third time. Due to the concern that Richardson or one of the passengers may have a weapon, the officers instructed the four occupants to exit the vehicle.

As Richardson exited the truck, Officer Ogden observed a sock on top of a bag lying on the floorboard of the truck. Officer Ogden could see a white powdery substance in the bag and suspected that it was powder cocaine. Officer Carter placed Richardson under arrest for possession of cocaine. Officer Ogden searched the vehicle and found that the sock contained a second clear plastic bag containing individual pieces of what he suspected to be crack cocaine and two bags of heroin. Preliminary tests on the substances came back positive for powder cocaine, crack cocaine,

---

[5]The facts were taken from the published opinion of the Louisiana Fourth Circuit Court of Appeal on direct appeal. *State v. Richarsdon*, 155 So. 3d 87 (La. App. 4th Cir. 2014); St. Rec. Vol. 5 of 7, 4th Cir. Opinion, 2014-KA-0754, 11/26/14.

and heroin.  Richardson was issued additional citations for impeding the flow of traffic and having

a suspended driver's license.  The passengers of the vehicle were not questioned and were released.

Richardson was tried by a jury on March 22, 2011, and he was found guilty as charged.[6]

The Trial Court denied Richardson's motions for new trial and post verdict judgment of acquittal.[7]

On April 6, 2011, the Trial Court sentenced Richardson to four years at hard labor with credit for

time served.[8]  Richardson did not appeal his conviction or sentence.

On that same day, the State filed a multiple bill charging Richardson as a fourth felony

offender.[9]  From April 6, 2011 until December 18, 2013, the multiple bill hearing was set and

continued twenty-eight times.  On August 18, 2011, the State sought and was granted a continuance

of the multiple bill hearing.[10]  Defense counsel appeared without Richardson on September 7, 2011

at which time the record was corrected to reflect that Richardson was sentenced to four years with

credit for time served and his sentence should run concurrently with any other sentence being

served.[11]  The minutes incorrectly reflected that the case was closed.[12]

On October 14, 2011, Richardson did not appear for the scheduled multiple bill hearing

and the hearing was rescheduled.[13]  The minutes reflect "DISREGARD ANY MENTION OF

---

[6]St. Rec. Vol. 2 of 7, Trial Minutes, 3/22/11; St. Rec. Vol. 5 of 7, Trial Transcript, 3/22/11.

[7]St. Rec. Vol. 2 of 7, Motion for Post Verdict Judgment of Acquittal, 3/31/11; Motion for New Trial, 3/31/11; Pro Se Motion for New Trial (undated); Minute Entry, 3/31/11; Minute Entry 4/6/11; Ruling, 4/6/11; St. Rec. Vol. 5 of 7, Sentencing Transcript, 4/6/11.

[8]St. Rec. Vol. 2 of 7, Minute Entry, 4/6/11; Minute Entry, 9/7/11; St. Rec. Vol. 5 of 7, Sentencing Transcript, 4/6/11.

[9]St. Rec. Vol.1 of 7, Mulitple Bill, 4/6/11; Vol. 2 of 7, Sentencing Minutes, 4/6/11.

[10]St. Rec. Vol. 2 of 7, Minute Entry, 8/18/11.

[11]St. Rec. Vol. 2 of 7, Minute Entry, 9/7/11.

[12]Id.

[13]St. Rec. Vol. 2 of 7, Minute Entry, 10/14/11.

THIS MATTER BEING CLOSED."[14]  Richardson appeared with counsel in court on November 10, 2011, at which time the multiple bill hearing was rescheduled for December 12, 2011.[15]  He again appeared on December 12, 2011, and the hearing was reset for December 15, 2011.[16] Richardson did not appear on December 15, 2011, and the matter was rest for January 6, 2012.[17]

Richardson appeared at a hearing on January 6, 2012, at which time his counsel withdrew.[18] The State filed an updated multiple bill on January 9, 2012.[19]  No action was taken until December 14, 2012 when Richardson's former attorney appeared but Richardson did not.[20]

On January 8, 2013, Richardson appeared at a hearing with his newly appointed counsel.[21] Defense counsel filed a request for discovery and a bill of particulars and requested a continuance.[22]  The matter was reset for January 15, 2013, but was continued due to the judge's illness.[23]  Defense counsel sought and was granted a continuance of the February 6, 2013 hearing in order to file a motion to quash.[24]  On February 28, 2013, Richardson filed a counseled motion to quash the multiple offender bill of information based on the State's failure to complete habitual

---

[14]*Id.*

[15]St. Rec. Vol. 2 of 7, Minute Entry, 11/10/11.

[16]St. Rec. Vol. 2 of 7, Minute Entry, 12/12/11.

[17]St. Rec. Vol. 2 of 7, Minute Entry, 12/15/11.

[18]St. Rec. Vol. 2 of 7, Minute Entry, 1/6/12; Motion and Order to Withdraw as Counsel of Record, (undated).

[19] St. Rec. Vol. 2 of 7, Minute Entry, 1/9/12.

[20]St. Rec. Vol.  2 of 7, Minute Entry, 12/14/12.

[21]St. Rec. Vol. 2 of 7, Minute Entry, 1/8/13.

[22]St. Rec. Vol. 2 of 7, Motion for Discovery, Inspection and Bill of Particulars Re: Habitual Offender Bill of Information, 1/8/13; Minute Entry, 1/8/13.

[23]St. Rec. Vol. 2 of 7, Minute Entry, 1/15/13.

[24]St. Rec. Vol. 2 of 7, Minute Entry, 2/6/13.

offender proceedings in a reasonable time.[25]  The State filed an opposition to the motion on March 6, 2013.[26]

Defense counsel sought and was granted a continuance of the multiple offender hearing on March 19, 2013.[27]  On April 12, 2013, Richardson appeared with newly retained counsel and another continuance was granted at the defense's request.[28]  Richardson's counsel filed a second motion to quash on May 3, 2013.[29]  Richardson and his counsel appeared for a hearing on May 3, 2013, however, Richardson left the courtroom without permission.[30]  The Trial Court issued a capias.[31]

Richardson was arrested on July 25, 2013 and appeared without counsel at a hearing on July 30, 2013, at which time the multiple bill hearing was rescheduled for September 25, 2013.[32]  Richardson did not appear at the September 25, 2013 hearing, his counsel withdrew, and the hearing was reset to determine counsel.[33]  On October 10, 2013, the multiple bill hearing was

---

[25]St. Rec. Vol. 2 of 7, Motion to Quash Habitual Offender Bill of Information, 2/28/13; Minute Entry, 2/28/13.

[26]St. Rec. Vol. 2 of 7, Memorandum in Opposition to Defendant's Motion to Quash Habitual Offender Bill of Information, 3/6/13; Minute Entry, 3/6/13

[27]St. Rec. Vol. 2 of 7, Minute Entry, 3/19/13.

[28]St. Rec. Vol. 2 of 7, Minute Entry, 4/12/13.

[29]St. Rec. Vol. 2 of 7, Second Motion to Quash the Habitual Offender Bill of Information, 5/3/13; Minute Entry, 5/3/13.

[30]St. Rec. Vol. 2 of 7, Minute Entry, 5/3/13.

[31]St. Rec. Vol. 2 of 7, Alias Capias, 5/3/13.

[32]St. Rec. Vol. 2 of 7, Interoffice Memorandum, 7/25/13; Minute Entry, 7/30/13.

[33]St. Rec. Vol. 2 of 7, Minute Entry, 9/25/13.

rescheduled to October 23, 2013.[34]  New counsel appeared on October 23, 2013, but Richardson

was not brought to court, and the defense's request for a continuance was granted.[35]

Richardson's counsel filed a motion to quash and motion for expedited release on

November 13, 2013.[36]  When Richardson did not appear in court on November 14, 2013, the matter

was again reset.[37]  The State filed a response to the motion to quash and for expedited release on

November 22, 2013.[38]  The defense's motion to continue was granted when Richardson did not

appear on November 25, 2013.[39]

The Trial Court held a hearing on December 18, 2013 and ultimately denied the motions

to quash.[40]  Following the denial of the motions, the State amended the multiple offender bill to

charge Richardson as a second offender.[41]  Richardson admitted his status as a second offender,

signing a waiver of rights and plea of guilty form as a multiple offender.[42]  The Trial Court vacated

Richardson's previous sentence and resentenced him as a second offender to the agreed-upon

sentence of nine years at hard labor with credit for time served.[43]

---

[34]St. Rec. Vol. 2 of 7, Minute Entry, 10/10/13.

[35]St. Rec. Vol. 2 of 7, Minute Entry, 10/23/13.

[36]St. Rec. Vol. 7 of 7, Motion to Quash the Habitual Offender Bill and Motion for Expedited Release, 1//13/13.

[37]St. Rec. Vol. 2 of 7, Minute Entry, 11/14/13.

[38]St. Rec. Vol. 2 of 7, Memorandum in Response to Defendant's Motion to Quash Habitual Offender Bill of Information and for the Defendant's Expedited Release, 11/22/13; Minute Entry, 11/22/13.

[39]St. Rec. Vol. 2 of 7, Minute Entry, 11/25/13.

[40]St. Rec. Vol. 2 of 7, Multiple Bill Hearing Minutes, 12/18/13; St. Rec. Vol. 2 of 7, Multiple Bill Hearing Transcript, 12/18/13.

[41]St. Rec. Vol. 2 of 7, Multiple Bill Hearing Transcript, 12/18/13.

[42]St. Rec. Vol. 2 of 7, Multiple Bill Hearing Transcript, 12/18/13; Waiver of Rights – Plea of Guilty Multiple Offender – La.R.S. 15:529.1, 12/18/13.

[43]St. Rec. Vol. 2 of 7, Multiple Bill Hearing Minutes, 12/18/13; Multiple Bill Hearing Transcript, 12/18/13;

On appeal of his multiple offender sentence, Richardson's appellate counsel asserted two errors[44]: (1) the Trial Court erred in denying the motion to quash the multiple offender bill; and (2) the plea form and colloquy failed to inform Richardson of the rights he could be waiving by entering into the stipulation/plea to second offender status, and therefore, should Richardson be denied appellate review on the denial of the motion to quash, the plea was involuntary and constitutionally infirm.  Richardson filed a pro se brief in which he asserted the following claims[45]: (1) "aggrieved judgment of conviction entry of La. R.S. 15:529.1 is an issuance of absolute nullity unconstitutional [sic] conflicting La. Const. Art. I. sec. 20 right to humane treatment, at [sic] excessive, cruel, unusual and full right of citizenship restored post state and federal supervision of any conviction for any offense;" (2) "aggrieved issuance exceeded inferior courts [sic] subject matter jurisdiction, not within realm of persuasive discretion violating statutory conference [sic];" (3) "aggrieved as herein stated, violative separation of powers La. Const. Art. II sec. 20(1)(2), where judicial official assumed and affects powers of and greater than legislative branch of Louisiana government (28 U.S.C. 2403 ...);" (4) "aggrieved alleged violative one or more but not limited to: Const. Art. I, cl. 2, 3, 20, 22, 23, 24, 26;" and (5) "aggrieved alleged violative and/or the by[-]product of: 18 U.S.C. 4, misprision of a felony; 241 conspiracy; 242 deprivation of rights under the color of law; 871 statutory extortion; 1589 forced labor."

On November 26, 2014, the Louisiana Fourth Circuit affirmed the conviction and sentence finding no abuse of discretion in the Trial Court's denial of Richardson's motion to quash the

---

Sentence of the Court, 12/18/13.

[44]St. Rec. Vol. 5 of 7, Appeal Brief, 2014-KA-0754, 8/27/14.

[45]St. Rec. Vol. 5 of 7, Pro Se Supplemental Brief, 9/12/14 (dated 9/9/14).

multiple bill of information.[46]  The Fourth Circuit found that Richardson's first pro se assignment of error was waived due to his plea to the multiple bill and his remaining claims were precluded from consideration on appeal under La. Code Crim. P. art. 841 due to lack of contemporaneous objection.[47]  Richardson's pro se request for rehearing was denied December 17, 2014.[48]

On January 9, 2015, Richardson filed a pro se writ application with the Louisiana Supreme Court.[49]  On November 6, 2015, the Louisiana Supreme Court denied Richardson's writ application without stated reasons.[50]  His conviction was final under federal law ninety (90) days later, on February 5, 2016, when he did not file a writ application with the United States Supreme Court.  *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. Sup. Ct. Rule 13(1)).

In the meantime, on March 3, 2015, Richardson filed a pro se motion to correct illegal sentence based on the State's untimely execution of the habitual offender bill.[51]  The Trial Court denied the motion as repetitive on March 30, 2015.[52]  On May 8, 2015, the Fourth Circuit Court

---

[46]*State v. Richardson*, 155 So.3d 87 (La. App. 4th Cir. 2014); St. Rec. Vol. 5 of 7, 4th Cir. Opinion, 2014–KA–0754, 11/26/14.

[47]*Id.*; St. Rec. Vol. 5 of 7, 4th Cir. Opinion, 2014–KA–0754, 11/26/14.

[48]St. Rec. Vol. 7 of 7, Clerk of Court Letter, 2014-KA-0754, 12/17/14; St. Rec. Vol. 5 of 7, Motion for Rehearing, 12/3/14; Supplement to Brief on Rehearing, 12/4/14.

[49]St. Rec. Vol. 7 of 7, La. S. Ct. Writ Application, 15 KO 105, 1/15/15 (dated 1/9/15).

[50]*State v. Richardson*, 180 So. 3d 306 (La. 2015); St. Rec. Vol. 7 of 7, La. S. Ct. Order, 2015-KO-0105, 11/6/15.

[51]St. Rec. Vol. 2 of 7, Minute Entry, 3/3/15.  A copy of the motion to correct illegal sentence is not included in the record.

[52]St. Rec. Vol. 7 of 7, Ruling, 3/30/15.

of Appeal vacated the district court's judgment as premature as the sentence and conviction were not final.[53]

On January 8, 2016, Richardson next filed a second motion to correct sentence based on an unreasonable delay in completion of the multiple offender hearing.[54]  The Trial Court denied the motion as repetitive on January 20, 2016.[55]  On March 29, 2016, the Louisiana Fourth Circuit denied his related writ application finding his post conviction claim barred under La. Code Crim. P. art. 930.4(A) as the claim had been fully litigated on appeal.[56]

On April 24, 2016 Richardson filed a writ application with the Louisiana Supreme Court.[57] On August 4, 2017, the Louisiana Supreme Court construed his filing as an application for post-conviction relief and found his sentencing claim was not cognizable on collateral review under La. Code Crim. P. art 930.3, *State ex rel. Melinie v. State*, 665 So.2d 1172 and *State v. Cotton*, 45 So.3d 1020 (La. 2010), and that his application was also repetitive under La. Code Crim. P. 930.4.[58]

## II.  **Federal Habeas Petition**

On October 2, 2017, Richardson filed a petition for federal habeas corpus relief in which he enumerates the following grounds for relief[59]: (1) the state courts' denial of the motion to quash

---

[53]St. Rec. Vol. 6 of 7, 4th Cir. Order, 2015-K-0442, 5/8/15.  A copy of Richardson's related writ application is not included in the record.

[54]St. Rec. Vol. 1 of 7, Motion to Correct Illegal Sentence, 1/8/16.

[55]St. Rec. Vol. 1 of 7, Ruling, 1/20/16.

[56]St. Rec. Vol. 6 of 7, 4th Cir. Order, 2016-K-0226, 3/29/16; 4th Cir. Writ Application, 2016-K-0226, dated 2/22/16.

[57] St. Rec. Vol. 7of 7, La. S. Ct. Writ Application, 16 KH 830, 5/5/16 (dated 4/24/16).

[58]*State ex rel. Richardson v. State*, 223 So.3d 517 (La. 2017) (per curiam); St. Rec. Vol. 7 of 7, La. S. Ct. Order, 2016-KH-0830, 8/4/17.
[59]Rec. Doc. 1.

violates *Barker v. Wingo*, 407 U.S. 514 (1972); (2) the state courts' ruling was unreasonable in light of the evidence presented at the multiple offender hearing.  While not specifically enumerated as claims, Richardson's brief in support of his habeas petition includes references that: (1) the Louisiana Habitual Offender Law violates separation of powers; (2) the Trial Court lacked subject matter jurisdiction to sentence him as a multiple offender; and (3) his multiple offender sentence violates principles of res judicata and collateral estoppel.[60]

The State filed a response in opposition to the petition asserting that Richardson timely filed his federal petition.[61]  The State asserts that Richardson exhausted his claim that the multiple bill hearing was not held within a reasonable time, but contends that the claim is procedurally barred.  The State claims the petitioner did not exhaust his other claims which are now technically defaulted.  It alternatively argues that all the claims are non-cognizable as they do not state a federal claim.

## III.   General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[62] applies to this petition, which is deemed filed in this Court on October 2, 2017.[63]  The threshold questions on habeas review under the amended statute are whether the

---

[60]*Id.*, at pp. 16-23.

[61]Rec. Doc. No. 11.

[62]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[63]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes.  *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of this Court received

petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default." *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State concedes and the record shows that Richardson's federal petition was timely filed. The State contends that petitioner's claim that the multiple bill hearing was untimely is procedurally barred. It asserts that petitioner did not properly exhaust his other claims and those issues are now in technical procedural default and barred from review by this federal court.

## IV.    **Exhaustion Doctrine**

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court in a procedurally proper manner. *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary

---

Richardson's original petition on October 5, 2017. Richardson dated his signature on his pleadings on October 2, 2017, which is the earliest date appearing in the record on which he could have presented the pleadings to prison officials for filing with a federal court.

review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Id.* (citing *Nobles*, 127 F.3d at 420); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

For exhaustion purposes, it also is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the State's highest court, and vice versa. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Furthermore, a petitioner does not fairly present a claim to the State's highest court if that court must read beyond the petition or brief, such as a lower court opinion, to find a claim not otherwise specifically raised. *Id.*, 541 U.S. at 32.

A review of the record shows that petitioner exhausted state court review of his claims that the multiple bill hearing was untimely as well as the claims relating to separation of powers and subject matter jurisdiction. However, a review of the state court pleadings reflects that petitioner never presented his claims that his multiple offender sentence violates principles of res judicata and collateral estoppel to any state court and therefore has not exhausted those claims.

Normally, the Court would recommend that Richardson's petition be dismissed without prejudice to allow him to pursue exhaustion of his claims in the appropriate state courts. However, unexhausted claims, those claims which were not "fairly presented" to the state courts, may be considered "technically" exhausted if the habeas petitioner is now prohibited from litigating those claims in the state courts because of some procedural rule. If that is so, then those "technically" exhausted habeas claims might be considered procedurally defaulted.

If a claim has not been adjudicated on the merits in state court, federal review of that claim may be barred by the doctrine of procedural default if the petitioner has failed to meet state procedural requirements for presenting his federal claims, thereby depriving the state courts of an opportunity to address those claims in the first instance. *See Cone v. Bell*, 556 U.S. 449, 465 (2009) (noting that, "[w]hen a petitioner fails to properly raise his federal claims in state court, he deprives the State of 'an opportunity to address those claims in the first instance' and frustrates the State's ability to honor his constitutional rights") (quoting *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)).   When state court remedies are rendered unavailable by the petitioner's own procedural default, federal courts are normally barred from reviewing those claims. *See Coleman*, 501 U.S. at 722.   "[I]f the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, ... [then] there is a procedural default for purposes of federal habeas ..." *Id.*, at 735 n. 1.

A petitioner has "technically exhausted" his claims if he fails to properly and timely present them to each level of the Louisiana courts and thereafter would be barred from seeking relief in those courts. *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir.1998) (citing *Coleman*, 501 U.S. at 731–33 and *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir.1995)); *Fuller v. Johnson*, 158 F.3d 903, 905–06 (5th Cir.1998).   In such a case, there is no difference between non-exhaustion and procedural default. *Magouirk*, 144 F.3d at 358.   Accordingly, when a petitioner fails to exhaust state court remedies because he has allowed his federal claims to lapse, those claims are "technically" procedurally defaulted and may be dismissed. *Id.*

In this case, it is reasonable to conclude that Richardson is now unable to litigate his claims that his multiple offender sentence violates principles of res judicata and collateral estoppel in the Louisiana courts, and that any attempt to litigate these claims would result in dismissal on state procedural grounds. Based on the record and the fact that the Louisiana Supreme Court construed his second motion to correct illegal sentence as a post conviction application, any attempt to litigate this claim now likely would be dismissed as repetitive under La. Code Crim. P. arts. 930.4(D) or (E)[64] or as time-barred by the provisions of La. Code Crim. P. art. 930.8.[65] Therefore, petitioner's claims that his multiple offender sentences violates the principles of res judicata and collateral estoppel are now considered procedurally defaulted. *Sones*, 61 F.3d at 416 (citing *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir.1993)). The procedural default doctrine bars federal habeas corpus review if the state courts would now refuse to address a habeas petitioner's unexhausted federal claims because litigation of those claims would be barred by state procedural rules.

Federal habeas review of a "technically" exhausted and now procedurally defaulted claim is barred "... unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. In this case, Richardson has other claims which are also in procedural default because they were denied on state procedural grounds. Rather than be repetitive of the procedural default analysis, the Court will consider the

---

[64]Art. 930.4(D) provides that "[a] successive application may be dismissed if it fails to raise a new or different claim." Art. 930.4(E) also provides "[a] successive application may be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application."

[65]Art. 930.8 provides a two-year period of limitations for filing applications for post-conviction relief and that period generally runs from the date that the applicant's judgment of conviction becomes final under Louisiana law, which for Jackson was in February 2016.

standards of review for the procedural default of all of the claims in the next section of this report and recommendation.

## V.    **Procedural Default**

In addition to the unexhausted claims that his multiple offender sentence violates principles of res judicata and collateral estoppel, Richardson claims that the multiple bill hearing was untimely, the Habitual Offender Law violates separation of powers, and the trial court lacked subject matter jurisdiction to sentence him as a multiple offender.

Petitioner's claim that the multiple bill hearing was untimely as well as his claims related to subject matter jurisdiction and separation of powers were raised for the first time on direct appeal.  The Louisiana Fourth Circuit found that the trial court did not abuse its discretion in denying the motion to quash and further found Richardson did not preserve the separation of powers and subject matter jurisdiction issues for appellate review because of lack of a contemporaneous objection as required by La. Code Crim. P. art. 841.  This was the last reasoned decision issued by any state court as the Louisiana Supreme Court denied Richardson's subsequent writ application without stated reasons.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991) (when the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion).

Richardson did not raise the claims relating to subject matter jurisdiction or separation of power again in his motion to correct sentence.  Rather, petitioner again argued that the multiple bill hearing was untimely.  The Trial Court denied the claim as repetitive.  The Fourth Circuit found the issue was fully litigated on direct appeal and was therefore barred pursuant to La. Code

Crim. P. art. 930.4(A).  The Louisiana Supreme Court found that the claim was repetitive under La. Code Crim. P. art. 930.4.

The state courts' reliance on La. Code Crim. P. art. 930.4(A) to bar review of petitioner's post conviction claim that the multiple bill hearing was untimely which was repetitive of matters addressed on appeal, is not a typical procedural bar; instead, it prevents further review of a claim previously raised on appeal.  *Bennett v. Whitley*, 41 F.3d 1581, 1583 (5th Cir.1994).  For this reason, the bar imposed on post conviction review does not affect this Court's habeas review, and instead requires this Court to assess the underlying basis for the denial of relief given on appeal. As indicated above, on direct appeal, the state courts' addressed the claim that the multiple bill hearing was untimely on the merits and found that the denial of the motion to quash the multiple bill was not an abuse of discretion.  As a result, petitioner's claim that the multiple bill hearing was untimely is not procedurally barred.

The Court finds, however, petitioner's claims of subject matter jurisdiction and separation of powers are in procedural default and are barred from federal habeas review.  As previously explained, the last reasoned opinion on the issue, the Louisiana Fourth Circuit found that Richardson did not preserve those issues for appellate review by contemporaneous objection as required by La. Code Crim. P. art. 841.

## A.  <u>Independent and Adequate State Ground</u>

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state law ground that is both independent of the merits of the federal claim and adequate to support that judgment.  *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997); *Amos v. Scott*, 61 F.3d 333, 338

& n.15 (5th Cir. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262 (1989)). The "independent and adequate state ground" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or post-conviction review. *Coleman*, 501 U.S. at 730-32; *Amos*, 61 F.3d at 338. This type of procedural default will bar federal court review of a federal claim raised in a habeas petition when the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902. Federal review is barred even if the state court alternatively address the merits. *See Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (citing *Harris*, 489 U.S. at 264 n.10).

A dismissal is independent of federal law when the last state court "clearly and expressly" indicated that its judgment rests on a state procedural grounds that bars review of the claim. *Amos*, 61 F.3d at 338. The state-law ground may be a substantive rule dispositive of the case or a procedural bar to adjudication of the claim on the merits. *See Wainwright v. Sykes*, 433 U.S. 72, 81-82, 90 (1977). The question of the adequacy of a state procedural bar is itself a federal question. *Beard v. Kindler*, 558 U.S. 53, 60 (2009) (citing *Lee v. Kemna*, 534 U.S. 362, 375 (2002)). To be adequate, the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. *Walker v. Martin*, 562 U.S. 307, 315-17 (2011); *Glover*, 128 F.3d at 902. A state procedural rule, however, "can be 'firmly established' and 'regularly followed,'—even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard*, 558 U.S. at 60, 130 S.Ct. 612 (citations omitted).

In evaluating the adequacy of the rules applied to bar a petitioner's claim, a federal habeas court does not sit to correct errors made by state courts in interpreting and applying state law.

*Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) and *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).   Rather, a federal court's analysis focuses on due process considerations, and due process requires only that the Court grant the writ when the errors of the state court make the underlying proceeding fundamentally unfair.   *See Neyland v. Blackburn*, 785 F.2d 1283, 1293 (5th Cir. 1986) (citing *McAffee v. Procunier*, 761 F.2d 1124, 1126 (5th Cir. 1985) and *Lane v. Jones*, 626 F.2d 1296 (5th Cir. 1980)).   In keeping with this, a state procedural rule that is applied arbitrarily or in an unexpected manner may be considered inadequate to prevent federal review.   *Martin v. Maxey*, 98 F.3d 844, 847-48 (5th Cir. 1996); *Prihoda v. McCaughtry*, 910 F.2d 1379, 1383 (7th Cir. 1990).

> A federal court may not second-guess a state court's rule of procedure, but must evaluate whether the rule was actually applicable on the particular facts of the case. Otherwise, state courts could disregard federal rights with impunity simply by using the word "waived."

*United States ex rel. Bradley v. Clark*, No. 99-C-1785, 2002 WL 31133094, at *4 n.2 (N.D. Ill. July 18, 2002).

For this reason, when state courts apply a procedural bar that has no foundation in the record or basis in state law, federal courts need not honor that bar.   *See e.g.*, *Davis v. Johnson*, No. 00CV684-Y, 2001 WL 611164, at *4 & n.10 (N.D. Tex. May 30, 2001); *Johnson v. Lensing*, No. 99-0005, 1999 WL 562728, at *4 (E.D. La. Dec. 5, 2011); *Poree v. Cain*, No. 97-1546, 1999 WL 518843, at *4 (E.D. La. Jul. 20, 1999).   However, it is not within the federal court's province to disagree with the application of the bar; it is only to determine its adequacy.   *Lee v. Cain*, No. 03-2626, 2004 WL 2984274, at *1 n.2 (E.D. La. Dec. 6, 2004) (Vance, J.) (art. 930.3 applied to bar ineffective assistance of counsel claim).   Thus, where such a foundation and basis does exist, as it does in this case, the bar must stand.

In this case, the Louisiana courts relied upon La. Code Crim. P. art. 841 to support the finding that Richardson failed to preserve appellate review of his challenges to subject matter jurisdiction and separation of powers.  Under La. Code Crim. P. art. 841(A) "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence."  *See Perez v. Cain*, No. 04-1905, 2008 WL 108661, at *16 (E.D. La. Jan. 8, 2008).  The state court's ruling was based on Louisiana law setting forth the procedural requirements for preservation and presentation of claims on post-conviction review.  It is well settled that this type of "contemporaneous objection" rule is an "independent and adequate" state procedural ground which bars federal habeas corpus review.  *Wainwright*, 433 U.S. at 87-88.  The ruling, therefore, was independent of federal law and based strictly on state procedural requirements.  *See Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902.

The failure to preserve a claim under La. Code Crim. P. art. 841 has also been repeatedly recognized as an adequate state ground which bars review by the federal courts in a habeas corpus proceeding.  *See Perez*, 2008 WL 108661, at *16; *Toney v. Cain*, 24 F.3d 240, 1994 WL 243453, at *2 (5th Cir. May 20, 1994) (Table, Text in Westlaw); *Proctor v. Butler*, 831 F.2d 1251, 1253 (5th Cir. 1987); *Riggins v. Butler*, 705 F.Supp. 1205, 1208 (E.D. La. 1989); *Marshall v. Cain*, No. 04-219, 2006 WL 2414073, at *1 (E.D. La. Aug. 18, 2006) (Zainey, J.) (Order adopting Report and Recommendation); *accord*, *Duncan v. Cain*, 278 F.3d 537, 541 (5th Cir. 2002) (citing *Wainwright*, 433 U.S. at 87-88, 97 S.Ct. 2497 (Louisiana's contemporaneous objection rule is an adequate state bar to federal review of a defaulted claims)).  The procedural bar under La. Code Crim. P. art. 841 is adequate to bar federal habeas review of Richardson's claim challenging the

trial court's subject matter jurisdiction as well as his claim that the Habitual Offender Law violates separation of powers.

For these reasons, the bar imposed by the state courts to review of Richardson's claims is supported by the record and adequate to foreclose review by this federal court.  Because the Louisiana courts' decisions rested on independent and adequate state rules of procedural default, this Court will not review the claims unless Richardson can establish one of the following exceptions.

### B.  **Cause and Prejudice**

A federal habeas petitioner may be excused from the procedural default rule only if he can show "cause" for his default and "prejudice attributed thereto," or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Glover*, 128 F.3d at 902 (citing *Coleman*, 501 U.S. at 731-32, 111 S.Ct. 2546); *Amos*, 61 F.3d at 338-39 (citing *Harris*, 489 U.S. at 262; *Engle v. Isaac*, 456 U.S. 107, 128-29 & n.33 (1982))

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  The mere fact that petitioner or his counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.  *Id.* at 486.  Petitioner has not asserted, and the Court's review of the record does not support a finding, that any factor external to the defense caused his failure to exhaust or prevented him from raising the claims in a procedurally proper manner.  The record also does not reflect any action or inaction on the part of the State which prevented him from doing so.

Should Richardson attempt later to argue to a reviewing Court that his trial counsel was ineffective in failing to make the necessary objections to preserve his claims or in failing to raise his claim that his multiple offender sentence violates principles of res judicata or collateral estoppel on direct appeal, such an argument would be unavailing.  Richardson has not exhausted state court review of any such ineffective assistance of counsel claim and therefore cannot rely on such a claim as cause to excuse the bar.  *See Edwards v. Carpenter*, 529 U.S. 446, 452-54 (2000) (requiring exhaustion of a claim of ineffective assistance of counsel as cause for procedural default).

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown."  *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) (citing *Engle*, 456 U.S. at 134 n.43).  Petitioner's defaulted claims are therefore procedurally barred from review by this federal habeas corpus court.  *See Trest v. Whitley*, 94 F.3d 1005, 1008 (5th Cir. 1996) (habeas review precluded where petitioner neglected to allege actual prejudice and cause of failure to comply with state procedural rule concerning time restriction on filing for state post-conviction relief), *vacated on other grounds*, 522 U.S. 87 (1998).[66]

Having failed to show an objective cause for his default, the Court need not determine whether prejudice existed, and petitioner has not alleged any actual prejudice.  *Ratcliff v. Estelle*, 597 F.2d 474, 477-78 (5th Cir. 1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th Cir. 1977)).

---

[66]The Supreme Court vacated the Fifth Circuit's opinion on grounds that a court of appeals is not required to raise the procedural default argument sua sponte but may do so in its discretion. *Id*.

### C. **Fundamental Miscarriage of Justice**

Richardson may avoid this procedural bar only when a fundamental miscarriage of justice will occur if the merits of his claims are not reviewed. *Hogue*, 131 F.3d at 497 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). To establish a fundamental miscarriage of justice, a petitioner must provide the court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986); *accord Murray*, 477 U.S. at 495-96; *Glover*, 128 F.3d at 902-03. To satisfy the factual innocence standard, petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt. *Campos v. Johnson*, 958 F.Supp. 1180, 1195 (W.D. Tex. 1997) (footnote omitted); *Nobles*, 127 F.3d at 423 & n.33 (actual innocence factor requires a showing by clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."). When the petitioner has not adequately asserted his actual innocence, the procedural default cannot be excused under the "fundamental miscarriage of justice" exception. *Glover*, 128 F.3d at 903.

Richardson does not present any claim or evidentiary support, and the record contains nothing, to suggest or establish his actual innocence on the underlying conviction, or the multiple offender adjudication. In other words, he fails to present any evidence or argument of the kind of actual innocence that would excuse the procedural default. He, therefore, has failed to overcome the procedural bar to his claims, and his claims alleging that the Trial Court lacked subject matter jurisdiction to sentence him as a multiple offender, the Habitual Offender Law violates separation of powers, and his claims that his multiple offender sentence violates principles of res judicata and collateral estoppel should be dismissed with prejudice.

**VI.**    <u>**Standards for a Merits Review**</u>

The AEDPA standard of review is governed by § 2254(d) and the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362 (2000).  It provides different standards for questions of fact, questions of law, and mixed questions of fact and law.

A state court's determinations of questions of fact are presumed correct and the Court must give deference to the state court findings unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(2) (2006); *see Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption. 28 U.S.C. § 2254(e)(1) (2006).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), as amended by the AEDPA.  The standard provides that deference be given to the state court's decision unless the decision is "contrary to or involves an unreasonable application of clearly established federal law" as determined by the United States Supreme Court. *Hill*, 210 F.3d at 485.  The "critical point" in determining the Supreme Court rule to be applied "is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *White v. Woodall*, __ U.S. __, 134 S. Ct. 1697, 1706-07 (2014) (citing *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).  "Thus, 'if a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not

'clearly established at the time of the state-court decision.'" *White*, 134 S. Ct. at 1706 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 666 (2004)).

A state court's decision can be "contrary to" federal law if: (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405-06, 412-13; *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Hill*, 210 F.3d at 485. A state court's decision can involve an "unreasonable application" of federal law if it correctly identifies the governing rule but then applies it unreasonably to the facts. *White*, 134 S. Ct. at 1706-07; *Williams*, 529 U.S. at 406-08, 413; *Penry*, 532 U.S. at 792.

The Supreme Court in *Williams* did not specifically define "unreasonable" in the context of decisions involving unreasonable applications of federal law. *See Williams*, 529 U.S. at 410. The Court, however, noted that an unreasonable application of federal law is different from an incorrect application of federal law. *Id.* "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.'" *Price v. Vincent*, 538 U.S. 634, 641 (2003) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002)) (brackets in original); *Bell v. Cone*, 535 U.S. 685, 699 (2002)).

Thus, under the "unreasonable application" determination, the Court need not determine whether the state court's reasoning is sound, rather "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner. *Price*, 538 U.S. at 641

(quoting *Woodford*, 537 U.S. at 24-25); *Wright v. Quarterman*, 470 F.3d 581, 585 (5th Cir. 2006). In addition, review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## VII.    DENIAL OF MOTION TO QUASH

Richardson alleges that the state trial court erred in denying the motion to quash the multiple bill on account of undue delay in holding the multiple offender hearing. The State, on the other hand, contends that this is an issue of state law not cognizable under federal habeas review.

Richardson raised the issue of undue delay on direct appeal from the multiple offender proceedings. The Louisiana Fourth Circuit, in the last reasoned state court decision, relying on state law, found that the trial court did not abuse its discretion in making the factual finding that Richardson contributed to a majority of the delays in bringing the habitual offender proceedings to a conclusion and in denying the motion to quash. *See Ylst*, 501 U.S. at 802.

Louisiana law also does not provide a prescriptive period for the bringing of a habitual offender proceeding under La. Rev. Stat. § 15:529.1(D)(1)(a). *See State v. Muhammad*, 875 So.2d 45, 52 (La. 2004); *State v. Thompson*, 539 So.2d 1008, 1010 (La. App. 4th Cir. 1989). The law of the state requires only that the proceeding be brought within a reasonable period of time to be determined on a case-by-case basis. *State v. Toney*, 842 So.2d 1083, 1085 (La. 2003); *State v. Anderson*, 788 So.2d 561 (La. App. 5th Cir. 2001).

The application and interpretation of Louisiana's habitual offender statute is an issue left to the Louisiana Supreme Court. A state's failure to follow its own sentencing procedures is not

reviewable through federal habeas corpus. *Joseph v. Butler*, 838 F.2d 786, 789 n. 2 (5th Cir.1988); *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir.1987).

In this case, the state courts determined that the timing of the completion of the multiple offender proceedings were sufficient under governing state law. "The determination of this issue of reasonableness under the state statute does not invoke federal constitutional protections but is instead a discretionary application of state law." *England v. Cain*, 2015 WL 5971196, at *8 (E.D. La. Oct. 14, 2015), *certificate of appealability denied*, *England v. Vannoy*, No. 15–30972, 2016 WL 9410919 (5th Cir. July 27, 2016). The United States Supreme Court instructs that federal habeas courts do "not sit as [a] 'super' state supreme court in a habeas corpus proceeding to review errors under state law." *Wilkerson v. Whitley*, 16 F.3d 64, 67 (5th Cir. 1994) (quotation omitted).

Richardson, however, appears to argue that the state courts' decision violated the clearly established law set forth in *Barker v. Wingo*, 407 U.S. 514 (1972), which sets forth four factors the courts should consider when evaluating a speedy trial claim under the Sixth Amendment. Those factors include: (1) the length of the delay; (2) the reason for the delay; (3) defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant. *Id.* at 530.

Enhancement proceedings are not determinative of guilt or innocence and do not offer the accused the full range of due process and other constitutional rights normally attendant to such adjudications. *Buckley v. Butler*, 825 F.2d 895, 902-03 (5th Cir. 1987). In fact, the United States Supreme Court recently found that the Sixth Amendment's speedy trial "guarantee protects the accused from arrest or indictment through trial, but does not apply" at the sentencing phase of criminal prosecution, "once a defendant has been found guilty at trial or has pleaded guilty to criminal charges." *Betterman v. Montana*, 136 S.Ct. 1609, 1612, 194 L.Ed.2d 723 (2016). As a

result, any claim that the timing and completion of petitioner's multiple offender proceeding violated the Sixth Amendment is without merit as the state courts' denial of relief was not contrary to, or an unreasonable application of, Supreme Court precedent.

The Court recognizes that, while the Supreme Court determined that the Sixth Amendment speedy trial guarantee did not apply to sentencings, it stated in dicta, "[f]or inordinate delay in sentencing, although the Speedy Trial Clause does not govern, a defendant may have other recourse, including, in appropriate circumstances, tailored relief under the Due Process Clauses of the Fifth and Fourteenth Amendments." *Betterman*, 136 S.Ct. at 1612. Notably, the Supreme Court did <u>not</u> decide whether a sentencing delay may violate the Due Process Clauses of the Fifth and Fourteenth Amendments as that issue was not preserved. *Id*.

Here, petitioner does not raise a due process challenge in his habeas application. Even had petitioner raised a due process claim resulting from the delay of completion of his multiple offender proceedings, he would not be entitled to relief because he cannot show the state courts' denial of relief violated clearly established law as determined by the United States Supreme Court. *Neathery v. Rader*, Civ. Action No. 13-658-BAJ-RLB, 2016 WL 8313923, at *6 (M.D. La. Dec. 30, 2016) (finding no Supreme Court precedent specifically holding that the Constitution guarantees a right to speedy sentencing), *report and recommendation adopted*, 2017 WL 722589 (M.D. La. Feb. 23, 2017); *Johnson v. Lester*, CV–17–90–BU–BMM, 2018 WL 934605, at *1 (D. Mont. Feb. 16, 2018) ("No due process claim for unreasonable sentencing delay clearly exists under federal law at this time.") (citing *Betterman*, 136 S.Ct. at 1612); *Stevens v. McTighe*, CV–18–01–BU–BMM, 2018 WL 747846 (D. Mont. Feb. 7, 2018) (same) ; *Kelley v. Lester*, Cause No. CV 17-87-BU-DLC-JCL, 2018 WL 1143179, at *2 (D. Mont. Jan. 10, 2018) ("at this point in time

there is no clearly recognized federal due process claim for unreasonable sentencing delay."),

*report and recommendation adopted*, 1142357 (D. Mont. Mar. 1, 2018).  The law is clear that

when there is no Supreme Court precedent to control a legal issue raised by a habeas petitioner,

the state court's decision cannot be contrary to, or an unreasonable application of, clearly

established federal law, and no federal habeas relief is warranted.  *See Woods v. Donald,* ⸺ U.S.

⸺, 135 S.Ct. 1372, 1376 (2015) ("Because none of our cases confront 'the specific question

presented by this case,' the state court's decision could not be "contrary to" any holding from this

Court.") (citing *Lopez v. Smith*, 135 S.Ct. 1, 4 (2014) (per curiam)); *Wright v. Van Patten*, 552

U.S. 120, 126 (2008) (quotation omitted) ("Because our cases give no clear answer to the question

presented, let alone one in Van Patten's favor, it cannot be said that the state court unreasonabl[y]

appli[ed] clearly established Federal law."); *Pierre v. Vannoy*, 891 F.3d 224, 228 (5th Cir. 2018)

("Without a Supreme Court case holding that the State's unknowing use of false testimony violates

the Due Process Clause, Pierre cannot show that the Louisiana Supreme Court unreasonably

applied clearly established federal law as determined by the Supreme Court of the United States.");

*Higginbotham v. Louisiana*, 817 F.3d 217 (5th Cir. 2016) (No violation of clearly established law

where "the Supreme Court does not appear to have addressed this issue or a 'materially

indistinguishable' set of facts"), *cert. denied*, 137 S. Ct. 506 (2016); *Gomez v. Thaler*, 526 F. App'x

355, 359-60 (5th Cir. 2013) (citing *Van Patten*, 552 U.S. at 126) (When no Supreme Court

precedent directly addressed the presented issue, it could not be said that the state court

unreasonably applied clearly established federal law.).

Accordingly, the Court finds that the denial of relief on this issue by the state courts was not contrary to, or an unreasonable application of, Supreme Court law. Richardson is not entitled to federal habeas corpus relief as to this issue.

## VIII.    <u>Recommendation</u>

For the foregoing reasons, it is **RECOMMENDED** that Richardson's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[67]

New Orleans, Louisiana, this 28th  day of June, 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[67]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.