UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ANTHONY RICHARDSON | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-10194 |
| KEITH DEVILLE, WARDEN | SECTION "G"(4) |

## ORDER AND REASONS

Before the Court are Petitioner Anthony Richardson's ("Petitioner") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Petitioner, a state prisoner incarcerated in the Winn Correctional Center in Winnfield, Louisiana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting the following grounds for relief: (1) the state court's denial of the motion to quash violated the Supreme Court's holding in *Barker v. Wingo* because the multiple offender hearing was not timely held and (2) the state court's ruling was unreasonable in light of the evidence presented at the multiple offender hearing.[2] The Magistrate Judge recommended that Petitioner's claim regarding denial of the motion to quash be dismissed with prejudice on the merits and that the remaining claims be dismissed with prejudice as procedurally barred.[3] Petitioner objects to the Magistrate Judge's recommendation.[4] After reviewing the petition, the State's response, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will

---

[1] Rec. Doc. 13.

[2] Rec. Doc. 1.

[3] Rec. Doc. 12.

[4] Rec. Doc. 13.

overrule Petitioner's objections, adopt the Magistrate Judge's recommendation, and dismiss this action with prejudice.

## I. Background

*A.  Factual Background*

On November 4, 2009, Petitioner was charged by felony bill of information in the Orleans Parish Criminal District Court with one count of possession of heroin and one count of possession of cocaine.[5] On March 22, 2011, following a jury trial, Petitioner was found guilty as charged.[6] On April 6, 2011, the state trial court sentenced Petitioner to four years imprisonment at hard labor with credit for time served.[7] The same day, the State filed a multiple offender bill of information charging Petitioner as a fourth felony offender.[8]

From April 6, 2011 until December 18, 2013, the record reflects that the multiple offender hearing was set and continued 28 times.[9] On February 28, 2013, Petitioner filed a motion to quash the multiple offender bill of information based on the State's failure to complete habitual offender proceedings in a reasonable time.[10] Petitioner filed another motion to quash on November 13, 2013.[11] On December 18, 2013, the state trial court denied the motions to quash.[12] Following the denial of the motions, the State amended the multiple offender bill of information to charge

---

[5] State Rec., Vol. I of VII, Bill of Information, Nov. 4, 2009.

[6] State Rec., Vol. II of VII, Trial Minutes, Mar. 22, 2011.

[7] State Rec., Vol. II of VII, Sentencing Minutes, Apr. 6, 2011.

[8] State Rec., Vol. I of VII, Multiple Bill, Apr. 6, 2011.

[9] *See* Rec. Doc. 12 at 3–6 (detailing the continuances of the multiple offender hearing).

[10] State Rec., Vol. II of VII, Motion to Quash, Feb. 28, 2013.

[11] State Rec., Vol. VII of VII, Motion to Quash, Nov. 25, 2013.

[12] State Rec., Vol. II of VII, Multiple Bill Hearing Transcript, Dec. 18, 2013.

2

Petitioner as a second offender.[13] Petitioner admitted his status as a second offender, signing a waiver of rights and plea of guilty form as a multiple offender.[14] The state trial court vacated Petitioner's previous sentence and resentenced him as a second offender to the agreed-upon sentence of nine years at hard labor with credit for time served.[15]

Petitioner appealed his multiple offender sentence to the Louisiana Fourth Circuit Court of Appeal.[16] On appeal, Petitioner's appellate counsel asserted two errors: (1) the trial court erred in denying the motion to quash the multiple offender bill; and (2) the plea form and colloquy failed to inform Petitioner of the rights he could be waiving by entering into the plea to second offender status.[17] Petitioner filed a pro se brief in which he asserted the following claims: (1) "aggrieved judgment of conviction entry of La. R.S. 15:529.1 is an issuance of absolute nullity unconstitutional [sic] conflicting La. Const. Art. I. sec. 20 right to humane treatment, at [sic] excessive, cruel, unusual and full right of citizenship restored post state and federal supervision of any conviction for any offense"; (2) "aggrieved issuance exceeded inferior courts [sic] subject matter jurisdiction, not within realm of persuasive discretion violating statutory conference [sic]"; (3) "aggrieved as herein stated, violative separation of powers La. Const. Art. II sec. 20(1)(2), where judicial official assumed and affects powers of and greater than legislative branch of Louisiana government (28 U.S.C. 2403)"; (4) "aggrieved alleged violative one or more but not limited to: Const. Art. I, cl. 2, 3, 20, 22, 23, 24, 26"; and (5) "aggrieved alleged violative and/or

---

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] State Rec., Vol. V of VII, Appellate Brief, Aug. 27, 2014.

[17] *Id.*

the by[-]product of: 18 U.S.C. 4, misprision of a felony; 241 conspiracy; 242 deprivation of rights under the color of law; 871 statutory extortion; 1589 forced labor."[18]

On November 26, 2014, the Louisiana Fourth Circuit Court of Appeal affirmed Petitioner's conviction and sentence.[19] The Louisiana Fourth Circuit found that Petitioner's first pro se assignment of error was waived due to his plea to the multiple offender bill and his remaining claims were precluded from consideration on appeal under Louisiana Code of Criminal Procedure article 841 due to lack of contemporaneous objection.[20] On November 6, 2015, the Louisiana Supreme Court denied Petitioner's related writ application without stated reasons.[21]

On March 3, 2015, Petitioner filed a pro se motion to correct illegal sentence, arguing that the State did not timely execute the habitual offender bill.[22] The trial court denied the motion as repetitive on March 30, 2015.[23] On May 8, 2015, the Louisiana Fourth Circuit Court of Appeal vacated the district court's judgment as premature because the sentence and conviction were not final.[24]

On January 8, 2016, Petitioner filed a second motion to correct sentence, again arguing that there was an unreasonable delay in completion of the multiple offender hearing.[25] The trial court denied the motion as repetitive on January 20, 2016.[26] On March 29, 2016, the Louisiana Fourth

---

[18] State Rec., Vol. V of VII, Pro Se Supplemental Brief, Sept. 12, 2014.

[19] *State v. Richardson*, 2014-KA-754, (La. App. 4 Cir. 11/26/14); 155 So. 3d 87.

[20] *Id.*

[21] *State v. Richardson*, 2015-KO-754 (La. 1165/15); 180 So. 3d 306.

[22] State Rec., Vol. II of VII, Minute Entry, Mar. 3, 2015.

[23] State Rec., Vol. VII of VII, Minute Entry, Mar. 30, 2015.

[24] *State v. Richardson*, 2015-K-0442 (La. App. 4 Cir. 5/8/15), State Rec., Vol. VI of VII.

[25] State Rec., Vol. I of VII, Motion to Correct Illegal Sentence, Jan. 8, 2016.

[26] State Rec., Vol. I of VII, Minute Entry, Jan. 20, 2016.

Circuit Court of Appeal denied Petitioner's related writ application finding that the post-conviction claim was barred under Louisiana Code of Criminal Procedure article 930.4(A) as it had been fully litigated on appeal.[27] On August 4, 2017, the Louisiana Supreme Court denied Petitioner's related writ application, construing the filing as an application for post-conviction relief and finding that the claim was not cognizable on collateral review under Louisiana Code of Criminal Procedure article 930.3.[28]

Petitioner filed this federal habeas petition on October 2, 2017, raising the following grounds for relief: (1) the state court's denial of the motion to quash violated the Supreme Court's holding in *Barker v. Wingo* because the multiple offender hearing was not timely held and (2) the state court's ruling was unreasonable in light of the evidence presented at the multiple offender hearing.[29] Petitioner's brief in support of his habeas petition also raises the following issues: (1) the Louisiana Habitual Offender Law violates separation of powers; (2) the trial court lacked subject matter jurisdiction to sentence him as a multiple offender; and (3) his multiple offender sentence violates principles of *res judicata* and collateral estoppel.[30] In response, the State contends that Petitioner's claim regarding timeliness of the multiple offender hearing is procedurally barred and that the other claims were not exhausted.[31]

---

[27] *State v. Richardson*, 2016-K-0226 (La. App. 4 Cir. 3/29/16), State Rec., Vol. VI of VII.

[28] *State ex rel. Richardson v. State*, 2016-KH-0830 (La. 8/4/17), 223 So. 3d 517.

[29] Rec. Doc. 1.

[30] *Id.* at 16–23.

[31] Rec. Doc. 11.

## B. Report and Recommendation Findings

The Magistrate Judge recommended that the petition be dismissed with prejudice.[32] The Magistrate Judge found that Petitioner exhausted review of his claim that the multiple offender hearing was untimely and his claims regarding separation of powers and subject matter jurisdiction.[33] However, the Magistrate Judge determined that Petitioner never presented his claims that the multiple offender sentence violated principles of *res judicata* and collateral estoppel to any state court.[34] Furthermore, the Magistrate Judge noted that if a claim has not been adjudicated on the merits in state court, federal review of that claim may be barred by the doctrine of procedural default if the petitioner has failed to meet state procedural requirements for presenting his federal claims, thereby depriving the state courts of an opportunity to address those claims.[35] Here, the Magistrate Judge found that Petitioner would no longer have the opportunity to present the *res judicata* and collateral estoppel claims in the state courts, as the claims would likely be dismissed as repetitive under Louisiana Code of Criminal Procedure articles 930.4(D) or 930.4(E) or as time-barred under Louisiana Code of Criminal Procedure 930.8.[36] Therefore, the Magistrate Judge determined that the claims that Petitioner's multiple offender sentences violate principles of *res judicata* and collateral estoppel are considered procedurally defaulted.[37]

Next, the Magistrate Judge found that Petitioner's claims that the habitual offender law violates separation of powers and that the trial court lacked subject matter jurisdiction to sentence

---

[32] Rec. Doc. 12.

[33] *Id.* at 12.

[34] *Id.*

[35] *Id.* at 13.

[36] *Id.* at 14.

[37] *Id.*

6

him as a multiple offender were procedurally defaulted because the Louisiana Fourth Circuit found that Petitioner did not preserve those issues for appellate review by contemporaneous objection as required by Louisiana Code of Criminal Procedure article 841.[38] Furthermore, the Magistrate Judge found that this type of contemporaneous objection rule is an independent and adequate state procedural ground that bars federal habeas corpus review.[39]

Moreover, the Magistrate Judge determined that Petitioner had not established cause for his default and prejudice attributed thereto or that the failure to review the defaulted claim would result in a fundamental miscarriage of justice.[40] The Magistrate Judge noted Petitioner did not assert, and the record does not support a finding, that any factor external to the defense caused Petitioner's failure to exhaust or prevented him from raising the claims in a procedurally proper manner.[41] Furthermore, the Magistrate Judge noted that Petitioner did not allege any actual prejudice.[42] Additionally, the Magistrate Judge found that Petitioner did not present any claim or evidentiary support to suggest his actual innocence of the underlying conviction or the multiple offender adjudication.[43] Therefore, the Magistrate Judge determined that Petitioner had not established that failure to review these claims would result in a fundamental miscarriage of justice.[44] Accordingly, the Magistrate Judge recommended that Petitioner's claims that the trial court lacked subject matter jurisdiction to sentence him as a multiple offender, the Habitual

---

[38] *Id.* at 15.

[39] *Id.* at 19.

[40] *Id.* at 20–22.

[41] *Id.* at 20.

[42] *Id.* at 21.

[43] *Id.* at 22.

[44] *Id.*

Offender Law violates separation of powers, that his multiple offender sentence violates principles of *res judicata* and collateral estoppel be dismissed with prejudice because they are procedurally barred.[45]

However, the Magistrate Judge determined that Petitioner's claim that his multiple offender hearing was untimely was not procedurally defaulted because the claim was raised on direct appeal and addressed by the state courts on the merits.[46] Therefore, the Magistrate Judge also addressed the merits of this claim.[47] The Magistrate Judge noted that Louisiana law does not provide a prescriptive period for bringing a habitual offender proceeding, but provides that the proceeding be brought within a reasonable period of time.[48] The Magistrate Judge noted that the Louisiana Fourth Circuit found that the trial court did not abuse its discretion in making the factual finding that Petitioner contributed to a majority of the delays in bringing the habitual offender proceedings to a conclusion.[49] The Magistrate Judge found that "[t]he determination of this issue of reasonableness under the state statute does not invoke federal constitutional protections but is instead a discretionary application of state law."[50]

To the extent Petitioner argued that the state court's decision violated clearly establish federal law set forth in *Barker v. Wingo*, which sets forth factors courts should consider when evaluating a speedy trial claim under the Sixth Amendment, the Magistrate Judge found this claim without merit because the Supreme Court has held that speedy trial guarantees do not apply to the

---

[45] *Id.*

[46] *Id.* at 16.

[47] *Id.* at 25–29.

[48] *Id.* at 25.

[49] *Id.*

[50] *Id.* at 26.

8

sentencing phase of criminal prosecutions.[51] The Magistrate Judge noted that while the Supreme Court recognized in dicta that a defendant may have a due process claim for "inordinate delay[s] in sentencing," Petitioner did not raise a due process challenge and even if he had he would be unable to show that the state courts' denial of relief violated clearly established federal law.[52] Therefore, the Magistrate Judge recommended that the petition be dismissed with prejudice.[53]

## II. Objections

### A. *Petitioner's Objections*

Petitioner filed objections to the Magistrate Judge's Report and Recommendation.[54] Petitioner asserts that "[t]he language of *res judicata* and collateral estoppel are synonymous with Petitioner's argument that his sentence was illegal."[55] Petitioner contends that "[t]he body of Petitioner's motion to correct illegal sentence is consistent with the arguments for collateral estoppel and *res judicata*."[56] Petitioner asserts that "[t]hese arguments were exhausted all the way to the Louisiana Supreme Court."[57]

Petitioner clarifies his argument that the trial court did not have jurisdiction to adjudicate him as a multiple offender because his sentence was completed.[58] Petitioner asserts that his "only argument was that the court was precluded from holding any further action in the case because the

---

[51] *Id.* (citing *Betterman v. Montana*, 136 S.Ct. 1609, 1612 (2016)).

[52] *Id.* at 27 (citing *Betterman*, 136 S.Ct. at 1612).

[53] *Id.* at 29.

[54] Rec. Doc. 13.

[55] *Id.* at 2.

[56] *Id.*

[57] *Id.*

[58] *Id.*

9

proceedings had been adjudicated."[59] Petitioner argues that the Magistrate Judge erred in failing to address the merits of his collateral estoppel and *res judicata* claims.[60] Petitioner asserts that this Court should address the merits of these claims and find that the state court was divested of its jurisdiction to adjudicate Petitioner as a multiple offender because the matter had already been adjudicated.[61]

## B. *State's Opposition*

The State of Louisiana did not file a brief in opposition to Petitioner's objections, supplemental objections, or motion to appoint counsel despite receiving electronic notice of the filings.

### III. Standard of Review

In accordance with Local Rule 73.2, this case was referred to a magistrate judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[62] A district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[63] A district court's review is limited to plain error for parts of the report which are not properly objected to.[64]

---

[59] *Id.*

[60] *Id.* at 3.

[61] *Id.*

[62] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[63] Fed. R. Civ. P. 72(b)(3).

[64] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## IV. Law and Analysis

### A. *Exhaustion Doctrine and Procedural Default*

The Magistrate Judge determined that Petitioner never presented the claims that the multiple offender sentence violated principles of *res judicata* and collateral estoppel to any state court.[65] Furthermore, the Magistrate Judge found that Petitioner would no longer have the opportunity to present the *res judicata* and collateral estoppel in the state courts, as the claims would likely be dismissed as repetitive under Louisiana Code of Criminal Procedure articles 930.4(D) or 930.4(E) or as time-barred under Louisiana Code of Criminal Procedure 930.8.[66] Therefore, the Magistrate Judge determined that the claims that Petitioner's multiple offender sentences violate principles of *res judicata* and collateral estoppel are considered procedurally defaulted.[67]

In objection to the Report and Recommendation, Petitioner argues that the Magistrate Judge erred in failing to address the merits of his collateral estoppel and *res judicata* claims.[68] Petitioner asserts that "[t]he language of *res judicata* and collateral estoppel are synonymous with Petitioner's argument that his sentence was illegal."[69] Petitioner contends that "[t]he body of Petitioner's motion to correct illegal sentence is consistent with the arguments for collateral estoppel and *res judicata*."[70] Therefore, Petitioner asserts that this Court should address the merits

---

[65] Rec. Doc. 12 at 12.

[66] *Id.* at 14.

[67] *Id.*

[68] Rec. Doc. 13 at 3.

[69] *Id.* at 2.

[70] *Id.*

of these claims and find that the state court was divested of its jurisdiction to adjudicate Petitioner as a multiple offender because the matter had already been adjudicated.[71]

"A fundamental prerequisite for federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."[72] The Fifth Circuit has recognized that "habeas corpus jurisprudence consistently underscores the central importance of comity, of cooperation and of rapport between the parallel systems of state and federal courts."[73] "These concerns animate [the court's] strict adherence to the doctrine of exhaustion—i.e., the notion that federal courts will not consider a claim on habeas review if it has not been considered and finally rejected by the state courts."[74] If a claim has not been adjudicated on the merits in state court, federal review of that claim may be barred by the doctrine of procedural default if the petitioner has failed to meet state procedural requirements for presenting his federal claims, thereby depriving the state courts of an opportunity to address those claims in the first instance.[75] "[I]f the petitioner failed to exhaust state remedies and the [state] court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, . . . [then] there is a procedural default for purposes of federal habeas. . . ."[76]

---

[71] *Id.* at 1.

[72] *Whitehead v. Johnson*, 157 F.3d 384, 397 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)).

[73] *Gomez v. Dretke*, 422 F.3d 264, 266 (5th Cir. 2005) (internal citations and quotation marks omitted).

[74] *Id.*

[75] *Cone v. Bell*, 556 U.S. 449, 465 (2009) (internal citations omitted).

[76] *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (internal citations omitted).

A habeas corpus claim may not be reviewed in federal court "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision."[77] Where a state court rejects a petitioner's claim based on an independent and adequate state procedural rule, "federal *habeas* review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."[78]

Here, Petitioner appears to argue that his claim the multiple offender sentence violated principles of *res judicata* and collateral estoppel is synonymous with his claim that the state court did not have jurisdiction to adjudicate him as a multiple offender. As the Magistrate Judge correctly noted in the Report and Recommendation, Petitioner's claims that the habitual offender law violates separation of powers and that the trial court lacked subject matter jurisdiction to sentence him as a multiple offender are procedurally defaulted because the Louisiana Fourth Circuit found that Petitioner did not preserve those issues for appellate review by contemporaneous objection as required by Louisiana Code of Criminal Procedure article 841.[79] Therefore, even accepting Petitioner's argument that these claims are synonymous does not change the ultimate result, Petitioner's claims that the trial court lacked subject matter jurisdiction to sentence him as a multiple offender, that the Habitual Offender Law violates separation of powers, and that his multiple offender sentence violates principles of *res judicata* and collateral estoppel are procedurally defaulted. The Supreme Court has found that contemporaneous objection rules are

---

[77] *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001).

[78] *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999).

[79] *Id.* at 15.

"independent and adequate" state procedural rules which bar federal habeas review.[80] Accordingly, "federal *habeas* review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."[81]

### 1. Cause and Prejudice

"To establish cause for a procedural default, there must be something external to the petitioner, something that cannot fairly be attributed to him."[82] A showing of ineffective assistance of counsel may be one such external factor.[83] "Attorney error short of ineffective assistance of counsel, however, does not constitute cause and will not excuse a procedural default."[84] The mere fact that Petitioner or his counsel "failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default."[85]

Petitioner presents no argument or evidence to show that some factor external to the defense caused his failure to exhaust or prevented him from raising the claims in a procedurally proper manner. "The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown."[86] Because Petitioner has failed to show an objective cause for his default, the Court need not determine whether prejudice existed.[87] However, even if Petitioner could establish cause for his default, he has failed to show any "actual

---

[80] *Wainwright v. Sykes*, 433 U.S. 72, 87–88 (1977).

[81] *Hughes*, 191 F.3d at 614.

[82] *Johnson v. Puckett*, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted).

[83] *Romero v. Collins*, 961 F.2d 1181, 1183 (5th Cir. 1992).

[84] *Id.* (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)).

[85] *Murray v. Carrier*, 477 U.S. 478, 486 (1986).

[86] *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) (internal citation omitted).

[87] *Ratcliff v. Estelle*, 597 F.2d 474, 477–78 (5th Cir. 1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681–82 (5th Cir. 1977)).

prejudice."[88] To show actual prejudice, Petitioner must prove that the errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."[89] Petitioner presents no argument to support such a finding. Accordingly, federal habeas review is barred unless Petitioner demonstrates that a failure to address these claims will result in a fundamental miscarriage of justice.[90]

## 2. **Fundamental Miscarriage of Justice**

To establish a fundamental miscarriage of justice, a petitioner must provide the Court with evidence that would support a "colorable showing of factual innocence."[91] When the petitioner has not adequately asserted his actual innocence, the procedural default cannot be excused under the "fundamental miscarriage of justice" exception.[92] In the instant case, Petitioner presents no argument or evidence to show his actual innocence. In fact, Petitioner pleaded guilty to the multiple offender bill of information. Accordingly, on *de novo* review the Court concludes that Petitioner's claims that the trial court lacked subject matter jurisdiction to sentence him as a multiple offender, that the Habitual Offender Law violates separation of powers, and that his multiple offender sentence violates principles of *res judicata* and collateral estoppel are procedurally defaulted. Furthermore, Petitioner has failed to overcome the procedural bar to these claims.

---

[88] *See Canales v. Stephens*, 765 F.3d 551, 562 (5th Cir. 2014).

[89] *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 167 (1982)).

[90] *Hughes*, 191 F.3d at 614.

[91] *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). *See also Murray v. Carrier*, 477 U.S. 478, 496 (1986) ("[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.").

[92] *See Golver v. Cain*, 128 F.3d 900, 904 (5th Cir. 1997).

### B. *Claim that the Trial Court Erred in Denying the Motion to Quash*

The Magistrate Judge recommended that the Court dismiss Petitioner's claim that the trial court erred in denying the motion to quash the habitual offender hearing.[93] Addressing the merits of this claim, the Magistrate Judge noted that Louisiana law does not provide a prescriptive period for bringing a habitual offender proceeding, but provides that the proceeding be brought within a reasonable period of time.[94] The Magistrate Judge found that "[t]he determination of this issue of reasonableness under the state statute does not invoke federal constitutional protections but is instead a discretionary application of state law."[95]

To the extent Petitioner argued that the state court's decision violated clearly establish federal law set forth in *Barker v. Wingo*, which sets forth factors courts should consider when evaluating a speedy trial claim under the Sixth Amendment, the Magistrate Judge found this claim without merit because the Supreme Court has held that speedy trial guarantees do not apply to the sentencing phase of criminal prosecutions.[96] The Magistrate Judge noted that while the Supreme Court recognized in dicta that a defendant may have a due process claim for "inordinate delay[s] in sentencing," Petitioner did not raise a due process challenge and even if he had he would be unable to show that the state courts' denial of relief violated clearly established federal law.[97] Petitioner does not object to these portions of the Report and Recommendation. Therefore, reviewing for plain error, and finding none, the Court adopts the recommendation and dismiss this

---

[93] Rec. Doc. 12 at 16.

[94] *Id.* at 25.

[95] *Id.* at 26.

[96] *Id.* (citing *Betterman v. Montana*, 136 S.Ct. 1609, 1612 (2016)).

[97] *Id.* at 27 (citing *Betterman*, 136 S.Ct. at 1612).

16

claim because Petitioner has not established that the state courts' denial of relief was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court.

### V. Conclusion

For the reasons stated above, the Court finds Petitioner's claims that the trial court lacked subject matter jurisdiction to sentence him as a multiple offender, that the Habitual Offender Law violates separation of powers, and that his multiple offender sentence violates principles of *res judicata* and collateral estoppel are procedurally defaulted. Furthermore, Petitioner has failed to overcome the procedural bar to these claims. Moreover, Petitioner has not established that the state courts' denial of relief on Petitioner's claim regarding the timeliness of the habitual offender adjudication was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation;

**IT IS FURTHER ORDERED** that Petitioner Anthony Richardson's petition for issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE.**

**NEW ORLEANS, LOUISIANA,** this __29th__ day of April, 2019.

*[Signature: Nannette Jolivette Brown]*

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**